UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KRYSTI MERCHANT, AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF
CORY MERCHANT

     Plaintiffs,

v.                                                     Case No. 5:23-CV-661-JSM-PRL

BILLY WOODS, ET AL.,

     Defendants.

_____

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 1/5/2023. Sam Harton, James Slater, Bhavani Raveendran, Bruce Bogan, and Gary Glassman attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   |---|---|
   | Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 2/5/2024 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 4/8/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).   Plaintiff | 10/1/2024 |
| Defendant | 11/5/2024 |
| Rebuttal | 12/3/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 1/24/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | NA |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 2/24/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Click or tap here to enter text. | 5/16/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 6/16/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 6/30/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 7/14/2025 |
| Month and year of the trial term. | 8/1/2025 |

The trial will last approximately 14 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

   **This is a section 1983 claim against a Sheriff and his employees alleging violations of Cory Merchant's civil rights inside of the Marion County Jail.**

2

**Plaintiff alleges a custom and practice of failing to supervise and protect detainees in the sheriff's custody.**

**Plaintiff believes will warrant fairly extensive discovery into the conditions of the jail.**

4. **Disclosure Statement**

    ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
    >
    > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

    ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

    ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

    ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

3

☐    The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A.   The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒   Yes.
   ☐   No; instead, the parties agree to these changes: enter changes.

   B.   Discovery may be needed on these subjects:
        a. Any relevant evidence, including documents, testimony, audio, and/or video recordings pertaining to the customs, policies, procedures, and practices of the Marion County Sheriff's Office and Jail as they relate to the supervision of inmates, the extent and frequency of inmate violence within the jail, measures taken to abate inmate violence within the jail, responses to incidents of violence in the jail (including disciplinary action and interventions taken), activities taken by staff engaging in the supervision of inmates, staffing of each pod, and any other custom, policy, practice, or procedure relating to the safety of inmates and/or the security of the jail, proportionate to the needs of the case.
        b. Any relevant evidence, including documents, testimony, audio, and/or video recordings pertaining to the death of Cory Merchant, proportionate to the needs of the case.
        c. Records relating to all claims and defenses.
   The parties will address and discuss disputes regarding proportionality and relevance as they arise.
   C.   Discovery should be conducted in phases:

☐ No.

☒ Yes; Asset discovery for the individuals, to the extent allowed by the Court, and contention interrogatories,* if appropriate, should be conducted toward the end of discovery. Interrogatories and other discovery regarding the opinions of experts should be reserved for after experts are disclosed.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.

☒ Yes; the parties agree to the following: that electronic records should be produced, to the extent possible or reasonably practicable, in native format with a load file that defines document breaks, attachments, and metadata; to the extent possible or reasonably practicable, emails and word-processing documents should be produced in their native format. Records will be requested in the form they are maintained or as otherwise agreed by the parties. Any special viewing software necessary for video or audio will be provided with the video or audio files. The parties agree to request and respond to discovery by e-mail and specifically consent to e-mail service in this case; documents will be provided by e-mail and electronic record transfers to the extent possible. The parties will discuss matters concerning the propriety of redactions, protection under Rule 26(c), document sensitivity, HIPAA-qualified protection, and confidentiality as those issues may arise in discovery. Plaintiff will be seeking electronic records in in TIFF format, with metadata and text-searchable information extracted from the native file and produced as fielded metadata with custodian or source information, MD-5 hash values, title, creation dates, and page counts. Plaintiff will be seeking to the extent possible or reasonably practicable, emails that maintain family relationships among email and attachments, with metadata that includes subject, from, to, copyees, blind copyees, date sent, time sent, MD-5 hash value, begin attachment, and end attachment. The defendants do not stipulate that ESI records or data will be produced in this manner.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

---

* The term "contention interrogatories" is used here as it is used in the Middle District of Florida Civil Discovery Handbook

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No. Plaintiff believes that she will need more than the ten depositions contemplated by Fed. R. Civ. P. 30, but Defendant has not so stipulated.

☐  Yes; the parties agree that both plaintiff and defendant

**10. Request for Special Handling**

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

/s/ Sam Harton                              /s/ Bruce Bogan

Sam Harton                                  Bruce Bogan
Attorney for Plaintiff                      Attorney for Defendants
January 5, 2024                             January 5, 2024

6