UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Krysti Merchant, as Personal
Representative for the Estate of
Cory Merchant,

    Plaintiff,

v.                                            Case No. 5:23-cv-661-JSM-PRL

Billy Woods, et al.,

    Defendants.

_____

### Plaintiff's Unopposed Motion to Amend Scheduling Order

Plaintiff Krysti Merchant, as the Personal Representative of the Estate of Cory Merchant, by and through her attorneys, respectfully requests that the Court modify the Scheduling Order (Dkt. 26) to extend the deadline for third-party joinder/amendment of the pleadings by an additional sixty days. Defendants do not oppose the relief requested herein. Accordingly, Plaintiff states the following:

1. The deadlines in this matter are currently set as follows, pursuant to Dkt. 26, the January 8, 2024, Scheduling Order, and Dkt. 29, which amended that order:

    a. Third-Party Joinder Cut-Off: May 23, 2024
    b. Plaintiff(s) Expert Disclosure: October 1, 2024
    c. Defendant(s) Expert Disclosure: November 5, 2024
    d. Mediation Selection/Scheduling due by: December 9, 2024

      e. Discovery Deadline: January 24, 2025
      f. Conduct Mediation by: February 7, 2025
      g. Dispositive Motion Deadline: February 24, 2025
      h. Daubert Motion Deadline: February 24, 2025

2. The parties have exchanged written discovery and produced records, but there remains outstanding document production.

3. The parties have engaged in good-faith discussions regarding the remaining discovery, and Defendant is currently working to produce more records responsive to Plaintiff's request, but this process will not be complete by May 23, 2024.

4. Plaintiff believes that a portion of the currently outstanding document production will provide information necessary and relevant to the decision and ability to amend the pleadings to add parties.

5. Accordingly, Plaintiff respectfully requests that the third-party joinder deadline is extended sixty days and moved to July 22, 2024.

6. No other deadlines in the matter will be disturbed.

7. This motion is not brought in bad faith or for purposes to delay discovery.

8. The parties have conferred regarding this schedule, and counsel for Defendants has advised that it may be filed **unopposed.**

## Memorandum of Law

Rule 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). Under the Rule, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

The Eleventh Circuit has considered several factors to establish a party's lack of diligence, including the month-long pendency of a motion for summary judgment before the filing of the motion to amend, *see Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir.2007), and the fact that the information providing the basis for the proposed amendment was available to the party before the deadline, *see id.*; accord *Sosa*, 133 F.3d at 1419. Only if litigants diligently pursue their rights but for reasons other than their own negligence cannot meet scheduling order deadlines, the court should exercise its discretion to modify its scheduling order. *Payne v. Ryder Sys.*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

3

This is a case involving an extended period of relevant conduct that Plaintiff asserts occurred at the Marion County Jail, which forms the basis for her *Monell* claim against the Sheriff and wrongful death claims. Here, as stated above, the parties have engaged in written discovery, and production of responsive records is ongoing. Without the benefit of complete production, Plaintiff cannot determine whether she would have the need to add any additional parties. For that reason, she respectfully asks that the Court modify the schedule to provide additional time to add third parties or amend the pleadings.

## Local Rule 3.01(g) Certification

The plaintiff-movant has conferred with counsel for Defendants via phone on May 17 and by email on May 22, 2024. Defendants do no oppose the relief requested herein.

Dated: May 23, 2024

Respectfully submitted,

*/s/ Sam Harton*
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: braveendran@rblaw.net;
sharton@rblaw.net

4

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

*Attorney for Plaintiffs*
