UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Krysti Merchant, as Personal
Representative for the Estate of
Cory Merchant,

    Plaintiff,

v.                                         Case No. 5:23-cv-661-JSM-PRL

Billy Woods, et al.,

    Defendants.
_____

### Plaintiff's Unopposed Motion to Amend Scheduling Order

The Plaintiff's respectfully requests that the Court modify the Scheduling Order (Dkt. 26) to extend discovery deadlines. Plaintiff states as follows:

The deadlines in this matter are currently set as follows, pursuant to Dkt. 26, the January 8, 2024, Scheduling Order:

    a. Plaintiff(s) Expert Disclosure: October 1, 2024
    b. Defendant(s) Expert Disclosure: November 5, 2024
    c. Mediation Selection/Scheduling due by: December 9, 2024
    d. Discovery Deadline: January 24, 2025
    e. Conduct Mediation by: February 7, 2025
    f. Dispositive Motion Deadline: February 24, 2025
    g. Daubert Motion Deadline: February 24, 2025
    h. Pretrial Conference: December 4, 2025.
    i. Trial month: January 2026

The parties have exchanged written discovery and produced records. They have begun taking fact depositions and have confirmed more to go forward in September and October of 2024. Oral discovery has revealed that there may be records which still need to be produced. The parties have also engaged in preliminary discussions regarding potential for settlement.

This case involves a *Monell* claims, which warrants significant discovery and document production relating not only to the incident involving the death of Cory Merchant, but also dozens of other incidents, policies, procedures, and customs within the Marion County Jail, and other topics involving an extended period of related conduct. It is not uncommon that *Monell* claims involve "the most complex, time consuming, and expensive issues—as to both pretrial and trial proceedings." *Fisher v. Miami-Dade Cnty.*, No. 14-CV-22636, 2015 WL 5148888 (S.D. Fla. Aug. 31, 2015).

Plaintiff submits that there is good cause to extend these deadlines in this matter. There is extensive document production in this case, and Plaintiff expects more document requests may be necessary as oral discovery continues. Further, the parties are cooperating to take depositions but the coordination of schedules for witnesses and counsel as well as the extensive document production that preceded oral discovery has created barriers to the most expedient scheduling of depositions. This case involves complex *Monell* claims that require Plaintiff to amass evidence related to the jail's policies, practices,

and procedures, most of which is in the custody of Defendants. This process has taken significant time in the discovery period.

There is thus good cause to extend the discovery schedule so that Plaintiff is not only able to gather all of the evidence necessary to prove her claim, but also so that her experts have ample opportunity to review discovery. If the current schedule were to remain, Plaintiff's experts would be required to disclose their opinions less than a month after Defendant supplemented their production responses with significant evidence and with the benefit of well below half the expected depositions. While the parties have worked diligently and cooperatively to move through discovery, more time is needed to ensure that the parties' experts receive and have the opportunity to review necessary discovery prior to disclosures.

Accordingly, Plaintiff proposes the following amended schedule:

   a. Plaintiff(s) Expert Disclosure: April 1, 2024
   b. Defendant(s) Expert Disclosure: May 1, 2024
   c. Mediation Selection/Scheduling due by: June 13, 2024
   d. Discovery Deadline: June 13, 2025
   e. Conduct Mediation by: February 7, 2025
   f. Dispositive Motion Deadline: July 7, 2025
   g. Daubert Motion Deadline: August 29, 2025

**The proposed amended schedule would not change the trial date**. This motion is not brought in bad faith or for purposes to delay discovery. The parties have conferred regarding this schedule, and defendants do not oppose this motion.

3

**Local Rule 3.01(g) Certification**

The Plaintiff-movant has conferred with counsel for Defendants via email on September 17. They do not oppose this motion.

Dated: September 17, 2024

>Respectfully submitted,
>
>/s/ Sam Harton
>Bhavani K. Raveendran (*pro hac vice*)
>Sam Harton (*pro hac vice*)
>ROMANUCCI & BLANDIN, LLC
>321 N. Clark Street, Suite 900
>Chicago IL 60654
>Tel: (312) 458-1000
>Fax: (312) 458-1004
>Email: braveendran@rblaw.net;
>sharton@rblaw.net
>
>/s/ James M. Slater
>James M. Slater (FBN 111779)
>SLATER LEGAL PLLC
>113 S. Monroe Street
>Tallahassee, Florida 32301
>james@slater.legal
>Tel. (305) 523-9023
>
>*Attorney for Plaintiffs*