UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:23-cv-00661

KRYSTI MERCHANT, as Personal
Representative for the Estate of
Cory Merchant, Deceased,

Plaintiff,

v.

BILLY WOODS, Sheriff of Marion County,
Florida, in his official capacity;
Deputy Justin Kosinski;
Deputy Joseph Miller,
Sergeant Jerome Dukes,

Defendants.
_____/

## DEFENDANT, BILLY WOODS ANSWERS TO INTERROGATORIES

1. State the name and address of the person or persons answering these interrogatories, including the following biographical information:

   a. Name;
   b. Address;
   c. Current Place of Employment;
   d. Current Rank;
   e. Length of time involved with Marion County Sheriff's Office or Marion County Jail;
   f. Duties on day in question;
   g. Date of any interaction with Plaintiff's Decedent.

**ANSWER: Marissa Duquette, General Counsel, Marion County Sheriff's Office c/o Bruce R. Bogan, Esq., Hilyard Bogan & Palmer, 105 E. Robinson Street, Suite 201, Orlando, FL 32801. The Sheriff is sued in his official capacity.**

**The below responses are not based upon personal knowledge, but affirmed upon the information of the Marion County Sheriff's Office and Counsel engaged to represent the Sheriff in this matter.**

2. Are you aware of any statement made by Plaintiff, his sister, Krysti Merchant, or his brother, Tommie Merchant, regarding the incident at issue in this case, whether oral, written, or

1

recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, and, if so, state the following:

    a. Date, place, and time taken;
    b. Name and address of the person or persons connected with taking it;
    c. Names and addresses of all persons present at the time it was taken;
    d. Whether the statement was oral, written, shorthand, recorded, taped, etc.,
    e. Was it signed?
    f. Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made;
    g. Attach an exact copy of the original of said statement, interview, report, film, or tape to your answers to these interrogatories; if oral, state verbatim the contents thereof.

**ANSWER: This Defendant is sued in the official capacity, No.**

3. State the names and addresses of every person known by any defendant, defendant's representatives or defendant's attorney(s) to have witnessed the occurrence mentioned in the complaint, who was present at the scene within sixty (30) minutes prior to or following the occurrence or who has knowledge relevant to the incident. Designate the name and title and/or position of each person listed in addition to the proximate time each person arrived at the scene.

**ANSWER:**

Deputy Justin Kosinski
Marion County Sheriff's Office
c/o Bruce R. Bogan, Esq.
105 E. Robinson Street
Orlando, FL 32801

Deputy Joseph Miller
Marion County Sheriff's Office
c/o Bruce R. Bogan, Esq.
105 E. Robinson Street
Orlando, FL 32801

Sergeant Jerome Dukes
Marion County Sheriff's Office
c/o Bruce R. Bogan, Esq.
105 E. Robinson Street
Orlando, FL 32801

Deputy Craig Savage
Marion County Sheriff's Office

Deputy Kristofer Valdez
Marion County Sheriff's Office

Nurse John Michael Little
3310 Boy Circle
Oxford, FL 34484

Nurse Natasha Lafaye Sanders
1096 West Clower Street
Bartow, FL 33830

Nurse Carrol Lindsay
Marion County Jail

Eric Lutterloah, Inmate
Inmate Marion County Jail
700 NW 30th Ave.
Ocala, FL 34475

Angel Acosta-Cruz
3719 Grand Blvd.
East Chicago, IN 46312

Jason Ronald Santore
5267 W. Homosassa Trail
Homosassa, FL 34448

Robert Benjamin Furr
10115 SE 125th Place
Belleview, FL 34420

Ryan Jackson Glover
3121 SE 42nd Ave.
Ocala, FL 34480

Frank Louis Calabria
8675 SW 52nd Street
Ocala, FL 34481

Rafael Antonio Rodriguez
5380 SW 38th Place
Ocala, FL 34474

Leo Allen McFatten, Jr.
610 NW 19th

Ocala, FL 34475

John Robert McDowell
3310 Boy Circle
Oxford, FL 34484

David James Riedle
7110 NE 14th Place
Ocala, FL 34470

Cory Merchant's medical providers

Discovery continues.

    4. State whether or not statements have been obtained from any persons mentioned in the answers to Interrogatory Number 3 above with regard to the facts or circumstances surrounding the occurrence mentioned in these pleadings. If so, state the following:

    a. The names, addresses and employers of persons whose statements were obtained;
    b. The date, time, and place of the taking of each statement;
    c. Names and addresses of all persons present at the time each statement was taken;
    d. Whether the statement was oral, written, or recorded;
    e. Whether the statement was signed;
    f. Names and addresses of persons or organizations under whose direction and upon whose behalf each statement was taken; and,
    g. Name, address, employer, and job title of the person presently having control or custody of each statement.

**ANSWER:**

Deputy Justin Kosinski
Marion County Sheriff's Office
c/o Bruce R. Bogan, Esq.
105 E. Robinson Street
Orlando, FL 32801

Sergeant Jerome Dukes
Marion County Sheriff's Office
c/o Bruce R. Bogan, Esq.
105 E. Robinson Street
Orlando, FL 32801

John Robert McDowell (inmate)
3310 Boy Circle
Oxford, FL 34484
David James Riedle

4

7110 NE 14th Place
Ocala, FL 34470

Nurse John Michael Little
3310 Boy Circle
Oxford, FL 34484

Nurse Natasha Lafaye Sanders
1096 West Clower Street
Bartow, FL 33830

Ryan Jackson Glover (inmate)
3121 SE 42nd Ave.
Ocala, FL 34480

Jason Ronald Santore (inmate)
5267 W. Homosassa Trail
Homosassa, FL 34448

      5. Identify by author, addresses, date written and such other information as would be necessary in order to obtain the requested item; all memos, correspondence, e-mails, notes, minutes and any and all conversations, discussions, and public forums or communications that were recorded in any form, regarding the occurrence involving Plaintiff, including social media and text messages.

**ANSWER: Objection; overly broad in time and scope. Without waiving, Defendant agrees to provide a list of emails between Plaintiff and Defendant that have been previously provided in response to request for production.**

      6. Identify the timeline of the occurrence at issue and the corresponding actions of Defendant Correctional Officers and/or any other agents of Florida Department of Corrections or the Marchant County Jail, including what Defendant Correctional Officers, including yourself, were doing in the ten minutes immediately preceding the attack, when and how Defendant Officers and/or agents, including yourself, were alerted to injury or potential injury to Plaintiff, the time or times Defendant Officers and/or any other agent of Marion County arrived at or checked on the location where Plaintiff was located and attacked, the time(s) Defendant officers called for any other Defendants, agents Marion County, physicians or nurses, or emergency medical professionals to examine Plaintiff, the time Defendant officers called for an ambulance; and the time the ambulance arrived.

**ANSWER:**

**1:10 a.m. Kosinkski Alerted by inmate Frank Calabria "man down" in Alpha section, while Kosinski was working Gulf Pod Rover. Kosinski immediately called for code red.**

5

**1:13 a.m. Nurse Little, Sgt. Dukes, Sgt. Konopinski, Dep. Savage, Deputy Valdez responded with stretcher and back board. Merchant was observed with blood in his ear. Merchant was also observed to be breathing but non-responsive.**
**1:16 a.m. EMS contacted by Jerome Dukes.**
**1:24 a.m. EMS arrived in booking.**

**Discovery is continuing.**

7. Describe the internal investigation(s), if any, that Marion County initiated and/or conducted regarding any of the occurrences described in Plaintiff's complaint and Defendant Correctional Officers' involvement therein. Please include date(s) of the investigation(s), a description of the investigation(s), a list of individuals questioned or interviewed, and list any and all employees of Florida Department of Corrections or the Marion County that were involved in the investigation(s) including their roles.

**ANSWER: This interrogatory is objectionable on the grounds that it is not a standard interrogatory, it is compound, irrelevant, immaterial, overly broad, not limited as to time, overly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and possibly requesting contact information of law enforcement officers which is confidential and protected by statute. Without waiving, all investigative reports by Marion County Sheriff's Office and Marion County Criminal Investigation have been provided to the Plaintiff previously in response to request for production. Discovery is continuing.**

8. State what steps were taken to check in on, monitor, or assess the physical, medical, mental, emotional or psychological condition of Plaintiff, during the time of his assault or any time after, including what actions were taken, who performed the actions, and when the actions were performed.

**ANSWER: Immediately following inmate notification, detention officers were alerted, a Code Red was dispatched, and nurse staff and officers were immediately responsive. EMS was contacted and Mr. Merchant was transported to boking to await EMS arrival.**

9. State whether any individual who responded to the fatal attack on Cory Merchant or was otherwise responsible for the supervision of Cory Merchant's pod on the day of his death has ever been the subject(s) of a civil and/or criminal lawsuit and/or civil and/or criminal investigation and if so, state:

    a. the date of each civil and/or criminal lawsuit and/or civil and/or criminal investigation;
    b. the source of each civil and/or criminal lawsuit and/or civil and/or criminal investigation;
    c. the outcome of each civil and/or criminal lawsuit and/or civil and/or criminal investigation; and
    d. where and by whom each civil and/or criminal lawsuit and/or civil and/or criminal investigation is documented.

**ANSWER: Unknown.**

10. State whether Marion County or the Marion County Sheriff's Office has ever been involved in a civil lawsuit involving the death of an inmate in the last five years. If so, state for each lawsuit:

    a. The date the lawsuit was filed;
    b. The case name;
    c. The case number;
    d. The court it was filed in;
    e. The plaintiff's name;
    f. Any co-defendants;
    g. The outcome (i.e. settlement, verdict);

**ANSWER: The Sheriff does not maintain separate lists of such lawsuits involving deaths of inmates, however these records would be matters of public records available equally to all parties through a review of the court dockets of the 5th judicial circuit in and for Marion County, Florida, and the United States District Court for the Middle District of Florida.**

11. For provide a summary of your police, jail and criminal justice experience that begins with your first police, jail or criminal justice related training or your first being hired by any police department or criminal justice agency, whichever came first, and continues to present and which states for each police department, jail or criminal justice agency that you have worked for, including:

    a. The date of hire, the date of separation and the reason therefore;
    b. A chronological listing of all ranks and all positions held and a description of duties for each rank and position held;
    c. A complete list of all police and criminal justice training that you have attended, the dates you attended and the address of the facilities that you attended;
    d. A list of assignments from your respective start date with MCSO to present; and,
    e. The reason for the change in assignment(s), if any, previously mentioned in subsection (d) above.

**ANSWER: This does not apply to Sheriff Woods in his official capacity and is irrelevant to this case. This interrogatory is objectionable on the grounds that it is not a standard interrogatory, it is compound, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.**

12. State whether Cory Merchant had ever provided any information regarding his well-being, state of mind, or feeling of safety inside of the Marion County Jail, including whether he was being threatened, blackmailed, extorted, or was otherwise emotional, upset, in pain, injured, in pain, fearful, or in need of medical attention to any of the Defendant Correctional Officers' at any time, including what time the request was made, to whom the request was made, what response was made, and who responded to such request.

**ANSWER: Objection as this request is overly broad in time and scope. Without waiving, this this information was already produced. Cory Merchant was investigated and was evaluated by a nurse.**

13. State all information that you had received prior to Cory Merchant's death regarding the inmate Eric Lutterloah, including but not limited to his criminal background, prior incidents in the jail, and his reputation amongst other employees and detainees.

**ANSWER: No incident of inmate violence by Lutterloah occurred prior to his attack on Merchant. All subsequent incident reports involving Eric Lutterloah have been provided to the Plaintiff previously in response to Requests for Production.**

14. Identify and explain any and all training MCSO provides to its agents, including documentation of what training, if any, was received by Defendant Correctional Officers, including frequency of training, length of training, whether training was optional or mandatory, and whether and when re-training is required, relating to the following topics and/or rules, guidelines, procedures, policies, or regulations on the following topics:

   a. The supervision and monitoring of inmates;
   b. The housing of inmates;
   c. Video Surveillance of housing units;
   d. Fights, assaults, attacks or disturbances in housing units and correctional officer responsibility thereto;
   e. The handling, movement, or treatment of inmates who are suspected to be threatened or experiencing a threat of violence from another inmate;
   f. The creation by agents and employees of treatment or reports of incidents in housing units;
   g. Inmate lockdown;
   h. Screening of inmates as potential risks for violence;
   i. Any and all procedures relevant to the occurrence such as the one detailed in Plaintiff's Complaint at Law.

**ANSWER: All Detention Training and Policies for the Marion County Sheriff's Office has been provided previously to Plaintiff in response to Requests for Production. Additionally, the training file for each of the Defendant Officers have been provided.**

15. Describe in detail the housing layout at the Marion County Jail, including how many housing units there are, the names for each housing unit, any special designations assigned to any unit (such as medical units, segregations units, booking units), the inmate capacity and number of bunks per unit, whether each housing unit contains cells or is dorm-style.

**ANSWER: The Marion County Jail housing is as shown below:**

**11 housing units, Maximum Capacity 1924**

8

**Alpha Pod - Max cap 176**

1. Section A- will house male inmates who are placed in Administrative and Disciplinary Confinement.
2. Section B- will house male inmates who have been placed in Disciplinary Confinement.
3. Section C- will house male inmates who are placed in Administrative and Disciplinary Confinement.
4. Section D- will house High Medium and Maximum-Security population male inmates with Custody Levels 2 and 3.
5. Section E- will house male inmates who have been placed in Maximum Security Administrative Confinement.
6. Section F- will house male inmates who are place in Administrative Confinement.

**Bravo Pod - Maxcap192**

1. Section A- will house Pre-Classification female inmates pending Primary Classification and will house overflow minimum security female inmates.
2. Section B- will house male Medium Security Inmates with a Custody Level 4 and 5.
3. Section C - will house male High Medium Security inmates with a Custody Level3-High Medium.
4. Section D -will house male High Medium Security inmates with a Custody Level3-High Medium.
5. Section E- will house male Medium Security Inmates with a Custody Level 4 and 5.
6. Section F- will house female inmates placed on Suicide Step Down, and Special Needs

**Charlie Pod - Max cap 192**

1. Section A- will house female inmate workers and Minimum-Security Inmates.
2. Section B- will house female Medium Security inmates with custody levels 3,4 and 5.
3. Section C- will house female Medium Security inmates with custody levels 3,4 and 5.
4. Section D- will house female Pre-Classification housing and Medium Security Inmates, custody level 3,4 and
5. 5. Section E- will house Female Medium inmates with custody levels 2,3, and 4.
6. Section F- will house female inmates who have been placed on Disciplinary Confinement and Administrative Confinement.

**Delta Pod – Max cap 192**

1. Section A- will house male Medium Security Inmates with a Custody Level 4and 5.
2. Section B- will house male Medium Security Inmates with a Custody Level 4and 5.
3. Section C- will house male Medium Security Inmates with a Custody Level 4and 5.
4. Section D- will house male Medium Security Inmates with a Custody Level 4and 5.
5. Section E- will house male Felony inmates with Sexual Offenses.
6. Section F- will house male Felony inmates with Sexual Offenses.

**Echo Pod- Max cap 256 Currently Empty Foxtrot Pod – Max Cap 256**

9

1. **Section A-** will house male Minimum Security (Green and White) Outside Inmate Workers.
2. **Section B-** will house male Minimum Security inmates, custody levels 6-9.
3. **Section C-** will house male Medium Security Inmates with a Custody Level 4 and 5.
4. **Section D-** will house male Medium Security Inmates with a Custody Level 4 and 5.

**Gulf Pod Max cap 265**

1. **Section A-** will house male felony inmates with Sexual Offenses.
2. **Section B-** will house male Medium Security Inmates, Custody Level4 and 5.
3. **Section C-** will house male Medium Security Inmates, Custody Level 4 and 5.
4. **Section D-** will house Pre-Classification male inmates pending Primary Classification.

**Hotel Pod– Max cap 256**

1. **Section A-** will house male Inside and Kitchen Inmate Workers.
2. **Section B-** will house male Inside Inmate Workers.
3. **Section C-** will house male will house male Medium Security Inmates with a Custody Levelof4 and5, and overflow of Low-Level Low Bunk Minimum Security Inmates.
4. **Section D-** will house Kitchen Inmate Workers.

**Juvenile Pod 20**

1. Will house male Juvenile Inmates who have been Direct Filed into adult court.

**Infirmary**

1. The Infirmary will house segregated male and female inmates with medical problems that require close supervision by medical staff.

**Medical pod 128**

1. **Section A-** will house female inmates placed on Suicide Precaution.
2. **Section B-** will house male inmates with medical issues that require close supervision by medical staff.
3. **Section C-** will house male Inmates who are placed on Suicide Step-Down or Special Needs. 4. **Section D-** will house male inmates placed on Suicide Precaution.

Pursuant to 28 U.S.C §1746, I declare under penalty of perjury that the foregoing is true and correct. Also pursuant to Florida Statute 92.525 under penalty of perjury, I declare that I have read the foregoing document and that the facts stated in it are true to the best of my knowledge and belief.

*/s/ Marissa Duquette*
**Marissa Duquette, General Counsel**
**Marion County Sheriff's Office**