UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KRYSTI MERCHANT, as Personal
Representative for the Estate of
Cory Merchant, Deceased,

    Plaintiff,

v.   Case No. 5:23-cv-00661

BILLY WOODS, Sheriff of Marion
County, Florida, in his official
Capacity; Deputy JUSTIN KOSINSKI;
Deputy DELLUN MILLER; Sergeant
JEROME DUKES;

    Defendants.
_____/

## DEFENDANTS' SECTION 1983 DAMAGES BRIEF

Defendants, BILLY WOODS, Sheriff of Marion County, Florida, in his official Capacity ("**Sheriff Woods**"), Deputy JUSTIN KOSINSKI ("**Kosinski**"), Deputy DELLUN MILLER ("**Miller**"), and Sergeant JEROME DUKES ("**Dukes**") (collectively **"Defendants"**), by and through their undersigned attorneys, pursuant to the Order dated October 3, 2025 (Doc. 67), hereby files their Section 1983 Damages Brief, and states:

### INTRODUCTION

1. On October 3, 2025, the Court entered its Order (Doc. 67) denying in part Sheriff Woods' Motion for Summary Judgment, and granting Kosinski's,

1

Miller's, and Dukes' respective Motions for Summary Judgment.

2. In its Order, the Court noted that Plaintiff's Section 1983 claim against Sheriff Woods may possibly be moot because Cory Merchant lacked any survivors under Florida's Wrongful Death Act ("**FWDA**") and may not have any compensable damages under the same.

3. As such, the Court requested the parties to briefly address the issues of damages under the FWDA and Section 1983 as related to the circumstances of this action.

## MEMORANDUM OF LAW

In Plaintiff's First Amended Complaint, Plaintiff only sought "damages" against Sheriff Woods for the Section 1983 claim. *See* Doc. 20, ¶ 357. In the Florida law wrongful death claim, Plaintiff sought damages for "lost support and services, medical expenses, mental pain and suffering, and loss of earnings." *Id.*, ¶ 375. Plaintiff also alleged that she sought damages under the FWDA "to recover for Cory Merchant's survivors, beneficiaries, and estate, all damages allowed pursuant to the FWDA's provisions and otherwise at law for the federal claims." *Id.*, at ¶19. Finally, Plaintiff identified Tommie Phillip Vester Merchant and herself as statutory "survivors" under the FWDA because they were Cory Merchant's adult siblings. *Id.*, ¶¶ 20, 22, 23. Plaintiff made no specific claim for Cory Merchant's pain and suffering prior to his death, his "hedonic" damages, or any

special damages in the First Amended Complaint on behalf of Cory Merchant or anyone else other than "mental pain and suffering" as noted above, which is permitted for certain survivors under the FWDA, but not adult siblings. *See Sharbaugh v. Beaudry*, 267 F. Supp. 3d 1326, n. 2. (N.D. Fla. 2017) (hedonic damages are "damages awarded for the deprivation of the pleasure of being alive") (citation omitted); § 768.21(2), (3), & (4).

While the Court asked the parties to brief the issue of damages, Plaintiff has offered little evidence during discovery that suggests what type of damages she would seek if the Court allowed damages outside the FWDA. For example, there is no evidence that Cory Merchant suffered from the assault. *See also* Doc. 66, p. 18-19. Plaintiff did not retain an expert witness and there is no competent evidence that Cory Merchant consciously suffered after the assault or in the hospital. Perhaps Plaintiff will suggest that she and her brother, Tommie Merchant, should be permitted to receive mental pain and suffering as a minor child, surviving spouse, or a parent of a decedent.[1] Regardless, it does not appear Plaintiff lacks entitlement to *any* damages as Personal Representative of the Estate of Cory

---

[1] *See, e.g. BellSouth Telecomms., Inc. v. Meeks*, 863 So. 2d 287, 293 (Fla. 2003) (Anstead, C.J., specially concurring) (noting that the "[w]hen all is said and done, however, we are still left with a result that allows one adult child to recover for lifetime pain and suffering for the loss of a parent, while another adult child only a few years older is entitled to no recovery at all."); *see also Sharbaugh*, 267 F. Supp. 3d at 1340 ("But as the law currently stands, the Court's analysis is constrained by the Florida Legislature's determination that personal injury claims do not survive when death results, except to the extent economic damages are expressly provided for in the state's wrongful death statute.").

Merchant, or as an adult sibling, under the FWDA. It may be a matter of proof, or just the circumstances of each Merchant sibling at the time of Cory Merchant's death, but it is certainly not "luck" as Plaintiff stated in her Response.[2]

In addition to these evidentiary hurdles, the FWDA is not inconsistent with § 1983. *Sharbaugh*, 267 F. Supp. 3d at 1335-1340. Under federal common law "there was no rule of survival; a claim for damages died with the person." *Sharbaugh*, 267 F. Supp. 3d, at 1332.[3] When a victim dies as a result of an alleged constitutional deprivation, "§ 1983 . . . does not expressly provide a rule for determining whether the claim for damages survives." *Id.* at 1335 (citing *Robertson v. Wegmann*, 436 U.S. 584, 588-90 (1978)). Thus, "[t]here is no question that § 1983 is deficient as to survival of a decedent's claim for damages for personal injury resulting in death, and nothing in the common law fills that gap by providing a remedy after death." *Id.* at 1333.

To address this deficiency, § 1988 directs application of state law "unless [the] law is inconsistent with the Constitution, federal law, or the policies underlying § 1983." *Id.* at 1335. Here, the FWDA "fills the survival gap in § 1983 . . . by providing a wrongful death claim through a comprehensive statutory

---

[2] As the Court noted in its Order, punitive damages are not available against Sheriff Mina. Doc. 67, p. 14. However, punitive damages may have been available if Plaintiff had attempted to challenge the Individual Defendants' respective summary judgment motions. Because Plaintiff chose an alternative strategy, knowing that it would limit her damages under § 1983, Plaintiff should not now be permitted to complain about her decision.

[3] The Court noted this case instructive.

4

scheme that compensates pre-death and post-death financial losses but does not allow a decedent's pain and suffering claim to survive." *Id.* at 1335. As stated in *Sharbaugh* and others, the FWDA "expresses a clear legislative intent to hold wrongdoers liable when their actions result in death and compensates the decedent's estate as well as living survivors, who otherwise would bear the loss from the decedent's death." *Id.* The FWDA does not target § 1983 plaintiffs for adverse treatment, it permits compensatory and punitive damages (at least against individuals), and otherwise does not eliminate or extinguish a pre-death claim for pain and suffering because "no such claim would exist after death without a legislative enactment, which Congress chose not to provide for in either § 1983 or § 1988." Finally, the FWDA provides "significant deterrent value" "because a wrongdoer is answerable in meaningful compensatory and punitive damages under the FWDA, the same as in any other tort case resulting in death in Florida," and even assuming that financial considerations do impact a state employees policies and risk management, "[r]egardless of the amount of the award in any particular case, or whether the decedent actually has survivors to be compensated, the FWDA's comprehensive scheme provides a meaningful remedy that stands as a deterrent to an abuse of power and thus is not inconsistent with federal law or so restrictive a remedy as to require this Court to substitute a federal rule of absolute survival of claims for pre-death pain and suffering." *See also Estate of*

*Breedlove v. Orange County Sheriff's Office*, No. 6:11-cv-2027-Orl-31KRS, 2012 U.S. Dist. LEXIS 87368, *10-14, (M.D. Fla. June 25, 2012); *Degraw v. Gualtieri*, No. 8:11-cv-720-EAK, MAP, 2013 U.S. Dist. LEXIS 95853, *17, 2013 WL 3462332 (M.D. Fla. July 9, 2013); *Herrera v. Hillsborough Cty. Sch. Bd.*, No. 8:12-cv-2484-T-30EAJ, 2013 U.S. Dist. LEXIS 202866, *15 (M.D. Fla. Mar. 22, 2013); *Moss v. Leesburg Reg'l Med. Ctr.*, No. 5:17-cv-535-Oc-32PRL, 2020 U.S. Dist. LEXIS 21361, *9, (M.D. Fla. Feb. 7, 2020); *see also Brown v. Seebach*, 763 F. Supp. 574 (S.D. Fla. 1991).

In Plaintiff's omnibus response, Plaintiff cited *Howard v. Wilkinson*, 379 F. Supp. 3d 1251, 1255 (M.D. Fla. 2019), for the idea that the FWDA was, in fact, "inconsistent with the policies underlying § 1983." *See* Doc. 62, p. 49. Putting aside whether *Howard* correctly relied on *Gilmere v. City of Atlanta, Georgia*, 864 F.2d 734, 739 (11th Cir. 1989),[4] it should be limited to the circumstances or similar circumstances that occurred in that case, i.e., extensive evidence of pre-death pain and suffering due to the excessive use of force with the pain and suffering continuing without the provision of any medical care.  Thus, like "the overwhelming majority of cases from this District and from sister courts in other

---

[4] In *Sharbaugh*, the court distinguished *Gilmere* on its own by noting that Georgia's wrongful death statute "expressly provided for survival of a decedent's claim for homicide and his claim for pre-death personal injury, including pain and suffering." *Id.* at 1340.  Since nothing in the FWDA permits a decedent's pre-death pain and suffering, "the Court's analysis is constrained by the Florida Legislature's determination that personal injury claims do not survive when death results, except to the extent economic damages are expressly provided for in the state's wrongful death statute." *Id.*

districts of Florida that have reasoned that § 1983 cases involving death do not allow hedonic damages of a decedent to go to the jury," this Court should only permit those damages authorized by the FWDA, which, as Plaintiff concedes, lacks any survivor damages for her or Tommie Merchant. *Greer v. Ivey*, Case No: 6:15-cv-677-Orl-41GJK, 2020 U.S. Dist. LEXIS 177114, at *17 (M.D. Fla. Aug. 19, 2020).

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
Brandon T. Byers, Esquire
Fla. Bar. No. 0119492
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile: 407-841-8431
Email: bbogan@hilyardlawfirm.com
          bbyers@hilyardlawfirm.com
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of October, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to counsel for Plaintiff, James M. Slater, Esquire, Slater Legal, PLLC, 113 South Monroe Street, Tallahassee, Florida 32301, Sam Harton, Esquire, Romanucci and Blandin, 321 North Clark Street, Chicago, Illinois 60654.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
Brandon T. Byers, Esquire
Fla. Bar. No. 0119492
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile:  407-841-8431
Email: bbogan@hilyardlawfirm.com
       bbyers@hilyardlawfirm.com
Attorneys for Defendant, Sheriff Woods