UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KRYSTI MERCHANT, as
Personal Representative for the
Estate of Cory Merchant,
Deceased,

    Plaintiff,

v.     Case No. 5:23-cv-00661

BILLY WOODS, *et al.*,

    Defendants.
_____

PLAINTIFF'S SUBMISSION ON THE AVAILABILITY
OF DAMAGES UNDER 42 U.S.C. § 1983

Cory Merchant was attacked inside Marion County Jail and died of his injuries. He never married and had no children, and his parents have died. As such, under the Florida Wrongful Death Act ("FWDA"), he has no survivors. The personal representative of Mr. Merchant's estate brought this Section 1983 action, alleging that unconstitutional policies caused his death. The Court held there is enough evidence for this claim to proceed to trial, ECF 67, and has instructed the parties to submit the present briefing, regarding what damages will be available if Plaintiff prevails. *Id*. at 14.

The Court of Appeals has made clear that state law does not define death damages in Section 1983 actions where the constitutional violation itself caused the death. That is the case here, so Plaintiff is entitled to the damages afforded by uniform federal remedies, including pre-death pain and suffering and hedonic damages. *Sharbaugh v. Beaudry*, 267 F. Supp. 3d 1326 (N.D. Fla. 2017) holds otherwise, but its reasoning confuses cases like this one with Section 1983 cases where the constitutional violation was *not* the cause of the death. In this Circuit, as set out in *Gilmere v. City of Atlanta*, 864 F.2d 734 (11th Cir. 1989), federal law defines damages when a constitutional violation causes a death.

What is more, even if the FWDA played the role *Sharbaugh* supposes—and it does not—the FWDA would eliminate remedies for a large group of victims who are killed as a result of constitutional violations. That is incompatible with the remedial purpose of Section 1983 and is thus unlawful. As such, the damages available under

1

federal law must be available in such a regime as well.

## I. The Eleventh Circuit applies a uniform federal remedy in Section 1983 death cases that includes hedonic damages and damages for pre-death pain and suffering.

### A. The Eleventh Circuit applies a uniform federal remedy in Section 1983 death cases.

Defendant asserts that the Court is required to apply the FWDA's damages framework to Plaintiff's Section 1983 claim. But the Eleventh Circuit *forbids* the application of the FWDA's damages regime to limit the damages available for Section 1983 claims for death caused by a constitutional violation. To the contrary, a uniform, federal remedy must be used instead.

In Section 1983 cases in which the constitutional deprivation causes death, *Gilmere* governs the availability and measure of damages arising from the Section 1983 violation. *Gilmere* involved the question of whether Geogia's wrongful death statute, or federal law, should control damages in a Section 1983 death case. *Gilmere* rejected application of Georgia's wrongful death damages statute, holding that "[f]ederal law provides for compensation for injuries caused by a constitutional deprivation," and that federal "courts are charged with the duty of evaluating the principles of damages which have evolved within the common-law and fashioning a remedy appropriate to the injury." 864 F.2d at 739. *Gilmere* expressly rejected the proposition that state law remedies supplied the appropriate damages measure instead, emphasizing that "it is the purest coincidence when state statutes or the common law provide for equivalent remedies." *Id*. "There is no requirement that a state remedy be employed to

2

compensate for a violation of a federal interest," and, under 42 U.S.C. § 1988, "resort to State law . . . should not be undertaken before principles of federal law have been exhausted." *Id.*

Notwithstanding this unambiguous language, the district court in *Sharbaugh* read *Gilmere* as distinguishable because unlike the FWDA, the Georgia statute at issue in *Gilmere* "expressly provided for survival of a decedent's claim for homicide and his claim for pre-death personal injury, including pain and suffering." 267 F. Supp. 3d at 1339. That interpretation is a distinction without a difference. *Gilmere* did not turn on the substance of Georgia law—*Gilmere* does not even *mention* Georgia's survival statute. To the contrary, *Gilmere* expressly rejected the notion that the availability of damages to a decedent's estate hinged on the substance of state law:

> Applying a federal standard of damages for injuries suffered by a decedent will promote consistency in the type and amount of damages awarded. Were we to follow the dissent's rule and award the damages provided in the state wrongful death statute, there would be three separate measures of damages for the unconstitutional deprivation of life in this circuit: the damages permitted by the wrongful death statutes of Alabama, Florida and Georgia.[6] Under that scenario, it is not inconceivable that a plaintiff in one state would be awarded substantially more damages under her state's wrongful death statute than another plaintiff who happens to live in a state with a different measure of damages for wrongful death. Such a result would not only lead to inconsistent awards, it could be prohibited by § 1988.

864 F.2d at 739. Notably, footnote "6" of this passage cites Fla. Stat. Ann. § 768.21— *the very FWDA provision at issue in this case*—as one of the statutes that must not supplant a federal remedy. *Id.* at 739 n.6.

The Eleventh Circuit reaffirmed this approach in *Estate of Gilliam v. City of*

3

*Prattville*, noting that "[w]hile it is clear that a § 1983 claim alleging that a constitutional violation caused the decedent's death *can* be asserted through the Alabama wrongful death statute, *the kinds of damages that are recoverable are determined by federal law*." 639 F.3d 1041, 1048 n.9 (11th Cir. 2011) (emphasis added; citing *Gilmere*).[1]

It is undisputed that the FWDA would allow for Section 1983 claims on behalf of a decedent's estate. And under *Gilmere* the damages available are determined by federal common law, rather than by the remedies provided for in the FWDA. For this reason courts in this District have disagreed with *Sharbaugh*'s imposition of the FWDA's damages regime on such claims, recognizing it as inconsistent with the *Gilmere*'s application of a uniform federal damages remedy in Section 1983 death cases.[2] *Sharbaugh* misread *Gilmere*. This Court should not commit the same error.

### B. The uniform federal remedy includes hedonic damages and damages for pre-death pain and suffering.

*Gilmere* explained that "[t]he focus of any award of damages under § 1983 is to compensate for the actual injuries caused by the particular constitutional deprivation,"

---

[1] *Gilliam* does endorse the use application of different state survival statutes, but *Gilliam* was answering a different question: whether 42 U.S.C. § 1988 required application of a state's survival statutes where the alleged constitutional violation *did not* cause the decedent's death. 639 F.3d at 1048.

[2] *See, e.g.*, *Howard v. Wilkinson*, 379 F. Supp. 3d 1251, 1255 (M.D. Fla. 2019) (citing *Gilmere* to hold that "application of the federal common law over a patch-work of conflicting state survival statutes promotes consistency and advances the federal rights protected by § 1983"); *Sheffield v. Greene*, No. 6:17-CV-273, 2018 WL 4923532, at *2 (M.D. Fla. May 17, 2018) (denying summary judgment motion based on the FWDA's damages limits because "*Gilmere* . . . rejected the argument that damages in § 1983 claims involving a death must be based on a State's wrongful death statute.").

864 F.2d at 739, and that "[t]he amount of damages to be awarded should be grounded in a determination of the plaintiff's actual losses." *Id.* The *Gilmere* majority expressly rejected the dissent's argument that federal courts were incapable of valuing human life, noting that "[a]lthough the principles of compensation may be difficult to apply to particular cases, . . . courts are capable of making the types of judgment concerning causation and magnitude of injury necessary to accord meaningful compensation for invasion of [constitutional] rights." *Id.* (cleaned up).

Courts applying *Gilmere*'s uniform federal remedy have permitted plaintiffs to pursue hedonic damages and damages for pre-death pain and suffering.³ This approach is consistent with courts nationwide that have held that the uniform Section 1983 death remedy includes hedonic damages and damages for pre-death pain and suffering.⁴

---

³ *See, e.g.*, *Howard,* 379 F. Supp. 3d at 1255-56 (permitting estate to pursue hedonic damages "[b]ecause the purpose of § 1983 is to provide compensation for actual damages—not a subset of those damages"); *Sheffield,* 2018 WL 4923532, at *2 (permitting plaintiff to pursue damages for the decedent's "injury and death" and "hedonic damages, including but not limited to the pain and suffering incurred by [decedent] . . . as well as the value of [decedent's] life.").

⁴ There are numerous such decisions, issued by courts across the country. *See, e.g., Est. of Smart by Smart v. Chaffee*, No. 14-2111-JPO, 2020 WL 7643505, at *4 (D. Kan. Dec. 23, 2020) ("Courts that have addressed the issue of hedonic damages in § 1983 death cases have interpreted *Berry* as permitting recovery of such damages, even where they are not recoverable under the forum state's wrongful-death statute"); *Collado v. City of New York*, 396 F. Supp. 3d 265, 277–78 (S.D.N.Y. 2019) ("While it is true that the Supreme Court and the Second Circuit have not squarely addressed the issue, the weight of authority supports the conclusion that loss-of-life damages are recoverable in a § 1983 case even when state law does not allow them."); *Millward v. Bd. of Cnty. Commissioners of Cnty. of Teton, Wyoming*, No. 17-CV-0117-SWS, 2018 WL 9371674, at *4 (D. Wyo. Oct. 19, 2018) (hedonic damages are available under uniform Section 1983 death remedy); *Berry*, 900 F.2d at 1507 (available damages under uniform federal remedy "include medical and burial expenses, pain and suffering before death, loss of earnings based upon the probable duration of the victim's life had not the injury

## II. The FWDA's Damages Regime is Inconsistent with Section 1983

In the event this Court determines not to apply the *uniform* federal remedy, contra *Gilmere*, and instead to apply the FWDA's damages regime to Plaintiff's Section 1983 claims, the Court must still set aside the FWDA to the extent that it is "inconsistent with the Constitution and laws of the United States." 42 U.S.C. 1988(a); *see also Gilliam*, 639 F.3d at 1045. And here, FWDA's damages regime is demonstrably inconsistent with Section 1983, inasmuch as it prevents Plaintiff from recovering both hedonic damages and damages for Mr. Merchant's pre-death pain and suffering.

It is axiomatic that a state's damages rule cannot be applied if it is "inconsistent with the rule that damages in Section 1983 actions are to be compensatory." *Gilmere*, 864 F.2d at 740, n.7 (stating the Alabama wrongful death statute was inconsistent with Section 1983 because it "provides only for assessment of punitive damages."). Following that rule, courts in this District have held that "the FWDA is inconsistent with the compensatory purposes of that federal law" because "the purpose of § 1983 is to provide compensation for actual damages—not a subset of those damages." *Howard*, 379 F. Supp. 3d at 1255. In the same vein, multiple circuit courts have held that state damages regimes are inconsistent with Section 1983 to the extent that they exclude hedonic damages in death cases.[5]

---

occurred, the victim's loss of consortium, and other damages recognized in common law tort actions.").

[5] *See, e.g.*, *Valenzuela v. City of Anaheim*, 6 F.4th 1098, 1102 (9th Cir. 2021) ("Prohibiting loss of life damages would run afoul of § 1983's remedial purpose as much as (or even more than) the ban on pre-death pain and suffering damages."); *Bell v. City of Milwaukee*, 746 F.2d 1205,

6

*Sharbaugh* holds to the contrary, relying on the pronouncement in *Robertson v. Wegmann*, 436 U.S. 584 (1978) that "[a] state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation." *Sharbaugh*, 267 F. Supp. 3d at 1336 (quoting *Robertson*, 436 U.S. at 593-94).[6] But *Robertson*—like *Gilliam*, *supra*—concerned a situation where the constitutional deprivation was unrelated to the decedent's death.[7] *Robertson* itself highlighted the distinction, noting "the fact that a particular action might abate surely would not adversely affect § 1983's role in preventing official illegality, at least in situations *in which there is no claim that the illegality caused the plaintiff's death*." 436 U.S. at 592 (emphasis added). By contrast, where the illegality *did* cause the decedent's death, Section 1983's "role in preventing official illegality" is profoundly affected if state law abates the claim *because* of the death. There would have been compensation had the attack maimed Mr. Merchant; defendant's position is that there is no compensation because he died instead. This is antithetical to the notion that Section 1983 is designed to provide compensation for constitutional deprivations that result in

---

1240 (7th Cir. 1984) ("[W]e hold that [Wisconsin's wrongful death statute], along with Wisconsin decisions construing those provisions, which would preclude recovery to [decedent's] estate for loss of life, are inconsistent with the deterrent policy of Section 1983.").

[6] While some Florida federal courts have followed *Sharbaugh*'s reasoning, *see, e.g., Greer v. Ivey*, 2020 WL 5678725, at *6 (M.D. Fla. Aug. 19, 2020), those cases suffer from the same infirmities as *Sharbaugh*, discussed herein.

[7] The *Robertson* plaintiff brought an action for malicious prosecution but died while the suit was pending. 436 U.S. at 585.

death.

The FWDA's operation in this case is inconsistent with § 1983's remedial purpose because it leaves an entire class of people like Cory Merchant without a compensatory remedy for the constitutional deprivations that caused their death. There are almost assuredly many thousands or hundreds of thousands of Floridians who now or someday will have no living parents, spouse, or children, and thus no statutory survivors under the FWDA.[8] Under the FWDA, the only damages available to this population is "[l]oss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest." Fla. Stat. § 768.21.

This limited 'loss of earnings' remedy leaves this large group of decedents essentially without remedy for fatal constitutional violations. Detainees and prisoners like Mr. Merchant, for example, are exceedingly unlikely to have any lost income between injury and death because of the fact of their incarceration. *Sharbaugh*, indeed, involved a prisoner who was murdered by his cellmate because prison officials were indifferent to the risks he faced—facts indistinguishable from this case. 267 F. Supp. 3d at 1328. Applying the FWDA to such cases would leave a broad class of people whose safety depends on the government—inmates with no "survivors"—with no

---

[8] *See, e.g.*, Pew Research Center, *A record-high share of 40-year-olds in the U.S. have never been married* (June 29, 2023) available at: https://www.pewresearch.org/short-reads/2023/06/28/a-record-high-share-of-40-year-olds-in-the-us-have-never-been-married/ (reporting that as of 2021, 25% of 40-year-old Americans have never been married).

remedy if the government's violation of their constitutional rights causes their death.

Mr. Merchant's case, additionally, is a reminder that in the violent deaths that are frequently the result of constitutional violations by state actors—a gunshot or, in this case, a beating—there is little or no time between injury and death, and so there is no likelihood of any remotely adequate recovery for loss of earnings between injury and death. There is thus little to no compensation for a very substantial portion of people who predictably will die due to constitutional deprivations.

That outcome is incompatible with Section 1983's remedial scheme. Federal law provides for hedonic damages and pre-death pain and suffering where constitutional deprivation has resulted in death. *See supra.* Even if the Court were to depart from *Gilmere*'s instruction to apply the uniform federal remedy for Section 1983 violations, Section 1983's remedial policy itself dictates that Plaintiff must be able to recover these compensatory damages for the death of Cory Merchant.

### III. The amount of damages available should not determine whether Plaintiff is entitled to a trial.

Even if this Court were to apply the FWDA *in toto* and prohibit the recovery of actual damages arising from the constitutional violation at issue in this case, Plaintiff would still be entitled to proceed to trial. Even in the absence of actual damages, nominal damages are to be awarded upon proof of a constitutional violation. *See Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("[A] court [must] award nominal damages when a plaintiff establishes the violation of [a constitutional] right . . . but cannot prove actual injury."). That outcome should be available in a case like this one. This case

9

will proceed to trial on a *Monell* claim charging the existence of an unconstitutional municipal policy that endangers numerous jail detainees, not just Mr. Merchant. Plaintiff's verdict in this case would have an impact going well beyond Mr. Merchant's own death, impacting the fates and safety of numerous similarly situated detainees as well. Put differently, this case involves significant legal issues and serves to vindicate a pressing public interest in the safety of numerous detainees at the Marion County Jail. In such circumstances, the importance of the issues to be tried are not reflected in the *de minimis* monetary recovery available a nominal damage award, but rather the public impact of a verdict for the Plaintiff. *Cf. Gray ex rel. Alexander v. Bostic*, 720 F.3d 887, 896 (11th Cir. 2013) (noting that nominal damages case is important to the extent its outcome "benefit[s]" others similarly situated). In such circumstances, which exist here, trial vindicates important federal rights and is appropriate.

**Dated:** October 17, 2025                                                         Respectfully submitted,

                                                                                                            */s/ Stephen Weil*

                                                                                                            Attorney for Plaintiff

Sam Harton                                               James Murray Slater
Stephen Weil                                             **Slater Legal PLLC**
**ROMANUCCI & BLANDIN, LLC**           2296 Henderson Mill Rd NE
321 N. Clark Street, Suite 900                   Suite 116
Chicago, IL 60654                                       Atlanta, GA 30345
Tel: (312) 458-1000                                    305-523-9023
Fax: (312) 458-1004                                   james@slater.legal
sharton@rblaw.net
sweil@rblaw.net

*Attorneys for Plaintiff*