UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KRYSTI MERCHANT, as Personal
Representative for the Estate of Cory
Merchant, Deceased,

    Plaintiff,

v.                                       Case No: 5:23-cv-661-JSM-PRL

BILLY WOODS, Sheriff of Marion
County, Florida, in His Official Capacity;
Deputy JUSTIN KOSINSKI; Deputy
DELLUN MILLER; Sergeant JEROME
DUKES,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on Defendant Billy Woods' Motion for Reconsideration and the parties' supplemental briefs on damages. Upon review of these filings, the Court concludes that the motion for reconsideration is without merit so it will be denied. The Court also concludes, consistent with the majority of its sister courts, that Plaintiff is not entitled to hedonic and/or pain and suffering damages on behalf of the decedent, Cory Merchant.

## DISCUSSION

The Sheriff requests that the Court reconsider the denial of its motion for summary judgment. In relevant part, the Court concluded that there was a genuine issue on whether the Sheriff's policies and customs led to Merchant's death. Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly

discovered evidence; or (3) the need to correct clear error or manifest injustice. *See Tristar Lodging, Inc. v. Arch Speciality Ins. Co.,* 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted). A motion for reconsideration cannot be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007).

The Court concludes the Sheriff's motion is unavailing because, rather than addressing an error of fact or law, the Sheriff rehashes arguments he previously made. In essence, he asks the Court to interpret the record evidence in his favor, which is improper. *See Woide v. Fed. Nat'l Mortg. Ass'n*, 705 F. App'x 832, 836 (11th Cir. 2017) (holding court did not err in denying motion for reconsideration that "only rehashed the same arguments they used for their responses"); *Parker*, 874 F. Supp. 2d at 1359 ("A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision."). The Sheriff does not identify an intervening change in controlling law, the availability of new evidence, or any other evidence of clear error or manifest injustice. So, there is no basis to reconsider the Court's ruling on the Sheriff's motion for summary judgment.

Turing to damages, the Court noted in its Order on the parties' motions for summary judgment that it appeared from the relevant law that Plaintiff's damages may be limited because it is undisputed that Cory Merchant does not have any "survivors" as contemplated under Florida law. The Court stated that this is relevant because Sections 1983 and 1988 do not address damages for a deceased injured party. Accordingly, the Court must turn to state law to determine the survivors' remedies. Florida's Wrongful Death Act does not include an adult sibling—Cory Merchant's only survivors—in its definition of survivor. The Court directed the parties to fully brief this matter.

The Court read the parties' briefs and the relevant cases. While the Eleventh Circuit has not directly reached this issue, the Court agrees with the overwhelming majority of cases from this district and from sister courts in other Florida districts that reasoned that § 1983 cases involving death do not allow hedonic damages/and or pain and suffering of a decedent to go to the jury. *See Greer v. Ivey*, No. 615CV677ORL41GJK, 2020 WL 5678725, at *6 (M.D. Fla. Aug. 19, 2020); *Sharbaugh v. Beaudry*, 267 F. Supp. 3d 1326, 1340 (N.D. Fla. July 14, 2017); *Estate of Breedlove v. Orange County Sheriff's Office*, No. 6:11-cv-2027-Orl-31KRS, 2012 WL 2389765, *3–*4 (M.D. Fla. June 25, 2012); *Degraw v. Gualtieri*, No. 8:11-cv-720-EAK, MAP, 2013 WL 3462332, *6 (M.D. Fla. July 9, 2013); *Herrera v. Hillsborough Cty. Sch. Bd.*, No. 8:12-cv-2484-T-30EAJ, 2013 WL 12156525, *6 (M.D. Fla. Mar. 22, 2013); *Moss v. Leesburg Reg'l Med. Ctr.*, No. 5:17-cv-535-Oc-32PRL, 2020 WL 601519, *3 (M.D. Fla. Feb. 7, 2020).

*Sharbaugh v. Beaudry*, which the Court referenced in its Order on the parties' motions for summary judgment, is most on point regarding the issue of damages. In

*Sharbaugh*, the court held that Florida's prohibition on hedonic and pre-death pain and suffering damages in wrongful death actions was not inconsistent with § 1983 because "neither § 1983 nor the common law expressly provided for the survival of a personal injury pain and suffering claim after death occurs, and ... Congress has placed the survival of claims in the legislative hands of the states." The plaintiff argued that the lack of pre-death pain and suffering damages would not satisfy the compensation and deterrence goals of § 1983 because the victim, "had a learning disability which limited his earning potential, he had no loss of earnings before his death, he permitted his children to be adopted by his father-in-law, and the State of Florida paid for his cremation." *Id.* at 1336.

Here, like the plaintiff in *Sharbaugh*, it is undisputed that Cory Merchant did not have any dependents or "survivors" as contemplated under Florida law and it also appears from the parties' briefs that he had minimal (if any) earnings before his death. The Court, like the court in *Sharbaugh*, is unpersuaded by these facts. As the court noted in *Sharbaugh,* the "inquiry under § 1988 ... is not whether the level of damages that a particular plaintiff will receive in the specific circumstances of one case is inconsistent with the civil rights policies but rather whether *the state law* is inconsistent with federal policies." *Id.* Florida law is not inconsistent because "[w]hile Florida's comprehensive wrongful death act does not permit recovery for a decedent's pain and suffering when injury results in death, it does permit recovery of pain and suffering damages in favor of the survivors." *Moss*, 2020 WL 601519, at *3. In other words, a decedent's damages are "transferred" to the survivors. *Id.* Again, simply because Cory Merchant did not have any "survivors," the Court cannot deem Florida's detailed wrongful death act inconsistent

4

with federal law just because the particular facts of this case appear to render Plaintiff's damages minimal.

In sum, the Court denies the Sheriff's motion for reconsideration and concludes that Plaintiff is not entitled to hedonic and/or pain and suffering damages on behalf of Cory Merchant. That said, the Court's ruling is limited to any claim for hedonic and/or pain and suffering damages. As Plaintiff points out, nominal damages are permitted if a jury finds that the Sheriff is liable under section 1983. Also, it is unclear at this point whether there are other damages the Estate may be entitled to under Florida's Wrongful Death Act, like medical or funeral expenses.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant Billy Woods' Motion for Reconsideration (Dkt. 69) is denied.

2. Plaintiff is not entitled to hedonic and/or pain and suffering damages of the decedent.

**DONE** and **ORDERED** in Tampa, Florida, this December 2, 2025.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record