UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

K<small>RYSTI</small> M<small>ERCHANT, AS</small> P<small>ERSONAL</small>
R<small>EPRESENTATIVE FOR THE</small> E<small>STATE OF</small>
C<small>ORY</small> M<small>ERCHANT</small>

  Plaintiffs,

v.             Case No. 5:23-<small>CV</small>-661-JSM-PRL

B<small>ILLY</small> W<small>OODS, ET AL</small>.,

  Defendants.

_____

### Emergency Motion for Stay

  NOW COMES the Plaintiff, Krysti Merchant, Individually and as the Independent Administrator of the Estate of Cory Merchant, Deceased, by and through her attorneys, Romanucci & Blandin, LLC, respectfully requesting to stay this matter. This Court recently ruled on the issue of which damages Plaintiff is entitled to in this case. The Court's order on a heavily contested issue sharply limited the damages available to Plaintiff at trial. The order decided a controlling question of law as to which there is substantial ground for difference of opinion, and Plaintiff intends to move for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff now moves for a stay of the impending pre-trial conference and associated deadlines pending the Court's ruling on Plaintiff's forthcoming 1292(b) certification motions.

Case 5:23-cv-00661-JSM-PRL   Document 86   Filed 12/04/25   Page 2 of 10 PageID 2994

**Reason for Exigency**

This case is set for trial in February 2026, and the Court has directed the parties to file their motions *in limine* by December 18, 2026. The basis for the requested stay is that Plaintiff intends to seek certification of an interlocutory appeal of an order that sharply limits the damages available to her. For reasons briefly discussed below and which will be discussed in greater detail in Plaintiff's forthcoming certification motion, Plaintiff believes that an interlocutory appeal addressing the heavily contested, purely legal damages issue will materially advance the final resolution of this litigation. In the meantime, however, Plaintiff proposes that the Court stay the impending motion in *in limine* deadline (December 18, 2025), pre-trial conference (January 8, 2026), and trial (February 2026) pending resolution of the forthcoming 1292(b) certification motion. The nature of the damages available to Plaintiff will profoundly affect what evidence is admissible at trial, which witnesses will testify, and what instructions will be submitted to the jury. There is now a narrow window for the parties to brief both motions *in limine* and a motion to certify the case for interlocutory appeal, the Court to consider the merits of those motions, and the parties to prepare and hold trial. Such overlap is impractical, especially when the issues to be addressed by motions *in limine* are heavily impacted by the outcome of the certification motion and a potential interlocutory appeal. Accordingly, this motion is appropriate to be considered on an emergency basis so that the parties and the Court do not waste resources on briefing issues and preparing for a trial that may not occur until after an interlocutory appeal. A ruling is requested by December 9, 2025.

2

## Argument

The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In assessing whether a stay is appropriate, courts consider "(1) whether the stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed, and (3) whether granting the stay would further judicial economy." *Garmendiz v. Capio Partners*, LLC, No. 817CV00987EAKAAS, 2017 WL 3208621, at *1 (M.D. Fla. July 26, 2017). Each of these factors favor a brief stay of this matter to permit consideration of a 1292(b) certification motion on an issue that will profoundly shape the nature of the trial in this case.

A stay in this matter is likely to preserve the resources of the Court and the parties, preventing hardship and furthering judicial economy. On December 3, 2025, the Court denied Defendant's Motion for Reconsideration and held that Plaintiff is "not entitled to hedonic and/or pain and suffering damages of the decedent." ECF 85. As the case currently stands, the parties in February will commence a 14-day trial on nominal and other damages that pale in comparison to potential hedonic and/or pain and suffering damages that would be available to Plaintiff were her position adopted. *Id*. The parties will spend the next two months conducting extensive preparation, including *motions in limine* due imminently, for a trial that would look very different were the vast majority of Plaintiff's claimed damages available to her.

3

This could very conceivably result in wasted resources on behalf of both the Court and the parties. Were the Court to deny a stay but grant Plaintiff's 1292(b) certification motion, the parties and the Court would expend countless hours preparing for a trial that in all likelihood would not occur until after an appeal is resolved—and potentially under very different parameters. A brief stay to allow the Court to consider Plaintiff's certification motion allows both the Court and the parties to conserve substantial resources. By contrast, were the Court to grant a stay but ultimately deny Plaintiff's certification motion, the costs would be far less taxing on the parties—a short delay in the trial date, in a case where (as discussed in greater detail below) it is unclear that Defendant could proceed to trial in February as is. The equities favor a stay, given the substantial burdens associated with preparing for a trial that may not occur, and the fact that the only real risk is a short delay in the trial date.

Moreover, the risk of incurring those burdens are very real because Plaintiff's 1292(b) motion will have merit. 28 U.S. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. [ ]

Plaintiff believes that this matter is the quintessential situation in which a § 1292(b) interlocutory appeal is appropriate. The basis for Plaintiff's motion will be more thoroughly explored in her forthcoming certification motion. For the moment, however, Plaintiff notes that the damages issue is a pure question of law that

profoundly affects the stakes of the trial in this case. *See, e.g., Tucker v. Fearn*, 333 F.3d 1216, 1218 (11th Cir. 2003) (court granted 1292(b) application seeking appeal of "an order granting [defendants'] motion to strike [plaintiff's] claim for nonpecuniary damages and thereby limiting [plaintiff's] potential recovery under general maritime law to pecuniary damages for the loss of his minor son."); *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (citing *Tucker* as an example of a "pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts"). Resolution of the damages affects whether the jury can award a very substantial amount of money or, instead, a comparatively miniscule amount. It is an important and controlling question in this litigation.

The damages issue—a complicated question involving the intersection of Section 1983 and the Florida Wrongful Death Act—is a purely legal issue* that does not require a court to delve into the factual record. Indeed, the only salient fact—Mr. Merchant's lack of statutory survivors under the FWDA—is undisputed. And the legal issue is sharply disputed on two different fronts. The Court ruled that Plaintiff is not entitled to hedonic or pain and suffering damages because the FWDA is not inconsistent with Section 1983. That issue is up for substantial

---

* "[ ] Defendants' question [ ] poses a controlling question of law. It is a pure legal question—a discrete question of statutory interpretation—that can be answered without reference to any facts or to the record in this case. See McFarlin, 381 F.3d at 1258. Such a question meets the first requirement for interlocutory review. See id." *Benson v. Enter. Leasing Co. of Orlando, LLC*, No. 6:20-CV-891-RBD-LRH, 2021 WL 1078410, at *7 (M.D. Fla. Feb. 4, 2021)

debate, as there is an intra-district split on FWDA's consistency with § 1983. *Compare Howard v. Wilkinson*, No. 6:17-cv-1473-Orl-40GJK, 2019 WL 2184774, at \*4 (M.D. Fla. May 21, 2019) (unpublished) (concluding Florida's Wrongful Death Act is inconsistent with "compensatory purposes" of § 1983 and allowing representative of decedent's estate to proceed with claim for hedonic damages), *with Estate of Breedlove v. Orange Cty. Sheriff's Office*, No. 6:11-cv-2027-Orl-31KRS, 2012 WL 2389765, at \*3–4 (M.D. Fla. June 25, 2012) (unpublished) (holding otherwise)." There is substantial ground for disagreement on the damages issue on a second front, however: Plaintiff's position is that, under *Gilmere v. City of Atlanta*, 864 F.2d 734 (11th Cir. 1989), it is improper to use the FWDA's damages regardless of its consistency with Section 1983 because the Eleventh Circuit has adopted a uniform federal remedy (including hedonic and pain and suffering damages) for use in Section 1983 death cases. *See* See ECF 70 at 3-5. This position finds substantial support in *Gilmere,* which, as Plaintiff noted in her briefing, expressly cited the FWDA's damages regime as a statute supplanted by the federal remedy. See *Gilmere*, 864 F.2d at 739 n.6. Indeed, even the *Sharbaugh* court—on which the Court relied—devoted a barrel of ink attempting to distinguish Gilmere even though it had not been cited by the parties. *See Sharbaugh v. Beaudry*, 267 F. Supp. 3d 1326, 1339 (N.D. Fla. 2017).

Interlocutory appeal and resolution of this issue would materially advance the ultimate termination of the litigation. First, definitive resolution of the damages issue would permit the parties to explore resolution without a trial—an

endeavor that is far more difficult with substantial uncertainty about the nature of damages available to the Plaintiff. Second, resolution of this seriously contested question prior to conducting a trial will obviate the substantial possibility of a second trial in the event the Court's decision is reversed. Third, this is a canonical situation where immediate resolution of the issue by the Court of Appeals will materially advance the termination of this case because it profoundly affects the *only claim* that will be proceeding to trial; it is not as though there are many claims unaffected by the damages issue that would proceed to trial regardless. Plaintiff is only pursuing a Section 1983 claim against Sheriff Woods, and the issue for which Plaintiff will seek certification profoundly affects that sole claim.

Nonetheless, in the instant motion, Plaintiff is not asking the Court to determine the merits of the forthcoming § 1292 motion. Plaintiff intends to file her brief in support of § 1292 certification expeditiously.† Even if Plaintiff had filed such a motion mere minutes after the Court's ruling on damages, the Defendant would still be entitled to fourteen days to respond, and the Court would presumably take time to consider its merits.

Meanwhile, the parties are bound by pre-trial deadlines. Motions *in limine* are due in two weeks, on December 18. The issues associated with the available damages in this case would impact the issues to be addressed in those evidentiary

---

† Plaintiff recognizes that a motion for § 1292 certification and any corresponding motion for stay would preferably be brought contemporaneously. Given the impending deadlines and approaching trial date, however, Plaintiff submits this case holds a relative sense of urgency.

7

motions, including Ms. Merchant's ability to testify to facts supporting loss of companionship, evidence of Mr. Merchant's pre-death pain and suffering, and jury instructions that relate to damages. Accordingly, Plaintiff respectfully proposes it is more practical to address one issue at a time: first, Plaintiff's efforts at an interlocutory appeal, then, second, trial and matters pertaining thereto. This is especially true given the narrow window between now and trial.

An appeal is likely in this matter. Plaintiff plans to move forward with trial, even if she is limited to nominal damages, then appeal if she prevails on liability. The parties are highly unlikely to resolve via settlement while the vast majority of Plaintiff's potential compensatory damages remain uncertain. The question remains whether that appeal will be before or after trial, and Plaintiff submits there is a compelling case that the answer should be the former. Plaintiff's proposed stay would allow the parties to brief and the Court to consider that course of action rather than rush to a trial that may ultimately need to be revisited. Again, Plaintiff does not ask the Court to address the merits of the certification motion here. She merely requests that the Court allow due time to brief and consider Plaintiff's forthcoming motion, which will be brought in large part for the purpose of saving judicial resources and avoiding duplicate trials, by pausing other deadlines that could potentially be affected by that motion's outcome.

Finally, a stay would not prejudice either party. Indeed, counsel for Defendant has already noted a potential conflict with this case's placement on the February trial calendar. *See* ECF 74 at 1. While such a stay would delay the trial

8

(and only briefly, if the certification motion is denied), a delayed trial is preferable to the potential of trying the case twice, or the Court and the parties expending substantial resources preparing for a trial that may look very different after the damages issue is definitively resolved on interlocutory appeal.

Plaintiff respectfully requests the following relief:

1. A stay of the impending pre-trial conference and associated deadlines pending the Court's ruling on Plaintiff's forthcoming 1292(b) certification motions; and

2. Alternatively, Plaintiff requests a status conference with the Court to address these outstanding scheduling concerns.

Respectfully submitted,
By: /s/ *Sam Harton*
Attorney for Plaintiffs

Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago IL 60654
Tel: (312) 458-1000
sharton@rblaw.net

James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

9

## LOCAL RULE 3.01(g) CERTIFICATION

The plaintiff-movant has conferred with counsel for Defendant on December 3, 2025, who indicated opposition. Plaintiff-movant also circulated a draft of this motion to Defendant on December 4, 2025, prior to filing.

        Respectfully submitted,

        By: *s/ Sam Harton*
        Attorney for Plaintiff