UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KRYSTI MERCHANT, as Personal
Representative for the Estate of
Cory Merchant, Deceased,

    Plaintiff,

v.                                                                                          Case No. 5:23-cv-00661

BILLY WOODS, Sheriff of Marion
County, Florida, in his official
Capacity; Deputy JUSTIN KOSINSKI;
Deputy DELLUN MILLER; Sergeant
JEROME DUKES;

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**EMERGENCY MOTION FOR STAY**

Defendants, by and through their undersigned attorneys, hereby file their Response in Opposition to Plaintiff's Emergency Motion for Stay, and state:

**INTRODUCTION**

1. On December 3, 2025, the Court entered its Order adjudging that Plaintiff is not entitled to hedonic and/or pain and suffering damages of the decedent, Cory Merchant. (Doc. 85).

2. On December 4, 2025, Plaintiff filed an "Emergency Motion for

1

Stay"("**Emergency Motion**")¹ that sought an order staying the pretrial deadlines and trial to allow Plaintiff to prepare a motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b).  (Doc. 86).

3.     Plaintiff's Emergency Motion should be denied because Plaintiff has failed to show that she would suffer a hardship or iniquity if forced to comply with the pretrial deadlines and trial date.

## MEMORANDUM OF LAW

While district courts have broad discretion to control its docket by staying proceedings, the moving party has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 706-08 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936).  Since a stay is an "extraordinary remedy" that should only be used to further the ends of justice, the district court should resolve any doubts against issuing a stay.  *Elkins v. Abbvie, Inc.*, 6:20-cv-1562-PGB-LRH2021, U.S. Dist. LEXIS 261492, at *2 (M.D. Fla. Aug. 25, 2021) (citing *Bank of Am., N.A. v. Sullivan*, 8:13-CV-385-T-17EAJ, 2013 U.S. Dist. LEXIS 73815 (M.D. Fla. May 23, 2013).

---

¹ The Middle District has previously held that an inconvenient deadline or a desire for an expedited ruling does not constitute an "emergency."  Rather, an emergency is considered when, "for example, a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large." *Onward Healthcare, Inc. v. Runnels*, No: 6:12-cv-508-Orl-37KRS, 2012 U.S. Dist. LEXIS 52053, at n.3 (M.D. Fla. April 13, 2012); *see also Singh v. Lemma*, No: 6:21-cv-1661-RBD-DCI, 2023 U.S. Dist. LEXIS 75504, at *4 (M.D. Fla. May 1, 2023) (noting that an attorney's need to prepare for a state jury trial does not create an emergency for the court).  Thus, Plaintiff's designation of her motion as an "emergency" is unwarranted.

Plaintiff here is essentially requesting that the Court enter an order to amend the Case Management and Scheduling Order for a third time (Doc. 34, Doc. 42) and to continue the trial to allow Plaintiff to file a motion seeking this Court's certification of an interlocutory appeal under 28 U.S.C. § 1292(b).[2] However, the only immediate deadlines are the parties' respective motions in limine due on December 18, 2025, and the Joint Final Pretrial Statement due on December 31, 2025, both of which could be modified without staying the entire case and further delaying the trial. *See* Doc. 42, Sec. 6, 9; Doc. 76. And even though the pretrial requirements will likely take a substantial amount of time for all the parties, whether Plaintiff can seek hedonic damages should not materially affect the substance of those filings. For example, Defendants are not aware of any retained expert witness that will testify that Cory Merchant suffered pain after his head struck the floor following Eric Lutterloah's assault. Nor are Defendants aware of any testimony that would suggest Cory Merchant was conscious following the assault. In other words, assuming Plaintiff's success on both the certification and

---

[2] This request follows Plaintiff's other recent requests to, for example, extend the deadline to file a *Daubert* motion (Doc. 55), to modify the summary judgment briefing schedule twice to allow Plaintiff a 60-page response dedicated to opposing only one party's summary judgment motion (Doc. 55, Doc. 60), and to extend her response to Sheriff Woods' Motion for Reconsideration (Doc. 72). While these extensions were generally unopposed for professional courtesy, given that Plaintiff has already dedicated several pages in her Emergency Motion to the merits of a certification, one can expect another lengthy brief on an issue that can properly be raised post-trial. *See McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004) (§ 1292(b) requirements "mean[] that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.") (citations omitted).

the appeal, the only likely changes would be a revision to the jury instructions and verdict form, or another topic related to limiting testimony involving Cory Merchant's pain and suffering.  Finally, even if this Court certifies the appeal, the parties could still proceed to trial on liability.  Thus, while the impending pretrial deadlines may be daunting, they are certainly not inequitable to Plaintiff since both parties will be required to prepare for trial and absorb the attendant time and costs.

WHEREFORE, Defendants respectfully request that the Court enter an Order denying Plaintiff's Emergency Motion for Stay.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
Brandon T. Byers, Esquire
Fla. Bar. No. 0119492
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile:  407-841-8431
Email: bbogan@hilyardlawfirm.com
           bbyers@hilyardlawfirm.com
Attorneys for Defendant, Sheriff Woods

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of Decemeber, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to counsel for Plaintiff, James M. Slater, Esquire, Slater Legal, PLLC, 113 South Monroe Street, Tallahassee, Florida 32301, Sam Harton, Esquire, Romanucci and Blandin, 321 North Clark Street, Chicago, Illinois 60654.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
Brandon T. Byers, Esquire
Fla. Bar. No. 0119492
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile: 407-841-8431
Email: bbogan@hilyardlawfirm.com
bbyers@hilyardlawfirm.com
Attorneys for Defendant, Sheriff Woods