UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KRYSTI MERCHANT, as Personal
Representative for the Estate of Cory
Merchant, Deceased,

    Plaintiff,

v.                                        Case No: 5:23-cv-661-JSM-PRL

BILLY WOODS, Sheriff of Marion
County, Florida, in His Official Capacity;
Deputy JUSTIN KOSINSKI; Deputy
DELLUN MILLER; Sergeant JEROME
DUKES,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on Plaintiff's Emergency Motion to Stay (Dkt. 86) and Defendant Billy Woods' Response in Opposition (Dkt. 88). Upon review of these filings, the Court concludes that the motion should be denied because a stay is not appropriate.

Specifically, the Court recently ruled on the issue of Plaintiff's damages. Plaintiff contends that the "Court's order on a heavily contested issue sharply limited the damages available to Plaintiff at trial." And that the matter concerns a "controlling question of law as to which there is substantial ground for difference of opinion." As such, Plaintiff intends to move for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and seeks a stay of the remaining pretrial deadlines, like the motion in limine deadline and

the pretrial statement deadline, to focus all efforts on the forthcoming motion to certify the appeal.

Defendant opposes the motion and argues that there is no need to stay the pretrial deadlines. Defendant's response does not discuss the merits of any forthcoming motion to certify the appeal.

The Court denies the motion to stay because, while Plaintiff is entitled to file a motion to certify an interlocutory appeal, the Court doubts it would grant such a request. The issue of what damages Plaintiff is entitled to in this case is not heavily disputed. Indeed, nearly every district court within the Eleventh Circuit, expect for one outlier, has ruled that the Florida Wrongful Death Act ("FWDA") is not inconsistent with federal law. Also, the only Eleventh Circuit case Plaintiff cited in her emergency motion, *Gilmere v. City of Atlanta*, 864 F.2d 734 (11th Cir. 1989), is not persuasive because it addressed Georgia's survival statute, which, contrary to the FWDA, expressly provides for survival of a decedent's claim for homicide *and* his claim for pre-death personal injury, including pain and suffering. This is a significant distinction and not a "conflict" under the law because this case concerns Florida law, not Georgia law.

The Court has a busy, compacted trial schedule and does not intend to continue the February 2026 trial date at this time absent exigent circumstances. The parties have ample time between now and then to complete the pretrial deadlines.

In sum, while Plaintiff is entitled to seek this Court's certification of an interlocutory appeal on the issue of damages, the Court denies Plaintiff's request for an emergency stay. Also, going forward, a filing should not be labeled an "emergency" unless it meets the

requirements discussed in the Local Rules. The instant motion did not meet those requirements.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Emergency Motion to Stay (Dkt. 86) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this December 8, 2025.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record