UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KRYSTI MERCHANT, as Personal
Representative for the Estate of
Cory Merchant, Deceased,

    Plaintiff,

v.                                                                            Case No. 5:23-cv-00661

BILLY WOODS, Sheriff of Marion
County, Florida, in his official
Capacity; Deputy JUSTIN KOSINSKI;
Deputy DELLUN MILLER; Sergeant
JEROME DUKES;

    Defendants.
_____/

## DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT

Defendants, BILLY WOODS, Sheriff of Marion County, Florida, in his official Capacity, Deputy JUSTIN KOSINSKI, Deputy DELLUN MILLER, and Sergeant JEROME DUKES (collectively "**Defendants**"), pursuant to Rules 54 and 58, Fed. R. Civ. P., hereby file their Motion for Entry of Final Judgment, and state:

## MEMORANDUM OF LAW

1. On December 12, 2025, Plaintiff, KRYSTI MERCHANT, as Personal Representative for the Estate of Cory Merchant, Deceased ("**Plaintiff**"), filed "Plaintiff's Stipulation Regarding Damages" (Doc. 91), in which Plaintiff stipulated that she shall seek to recover only Cory Merchant's hedonic damages

1

and Cory Merchant's pre-death pain and suffering, and that Plaintiff would not seek to recover nominal damages, funeral costs, or pre-death medical expenses for Cory Merchant against Defendant Sheriff Woods.[1]

2.   Plaintiff has further admitted that Cory Merchant had no survivors under Florida's Wrongful Death Act.  *See* Doc. 62, p. 48-9 ("Plaintiff does not dispute that Krysti and Tommie Merchant are not 'survivors' under the Florida Wrongful Death Act (FWDA) because they were not depended upon by Mr. Merchant for support or services as defined in the statute."); Doc. 70, p. 1 ("[Cory Merchant] never married and had no children, and his parents have died. As such, under the Florida Wrongful Death Act ("FWDA"), he has no survivors.").

3.   Since Plaintiff has stipulated that she only will seek damages that are precluded by Florida's Wrongful Death Act and the Court's Order dated December 2, 2025 (Doc. 85), while concurrently disclaiming any other damages she alleged in her First Amended Complaint or that were available under federal or state law, Defendants are warranted to entry of final judgment in their favor.

WHEREFORE, Defendants, BILLY WOODS, Sheriff of Marion County, Florida, in his official Capacity, Deputy JUSTIN KOSINSKI, Deputy DELLUN MILLER, and Sergeant JEROME DUKES, respectfully request that the Court enter

---

[1] The Court previously granted summary judgment in favor of Defendants Kosinski, Miller, and Dukes. (Doc. 67)

on Order granting final judgment in favor of Defendants.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for Defendants hereby certifies that he conferred with counsel for Plaintiff by email on December 15, 2025, regarding this Motion, and that counsel for Plaintiff agreed the motion should be granted and requested the following verbatim position:

> *Plaintiff objects to entry of judgment inasmuch as Plaintiff maintains that Plaintiff is entitled to hedonic damages and damages for Cory Merchant's pre-death pain and suffering (and any costs and/or attorneys' fees to which Plaintiff may be entitled should Plaintiff succeed at obtaining hedonic or pain and suffering damages). Plaintiff recognizes that the Court has ruled that Plaintiff is not entitled to those damages, which are the only damages that Plaintiff seeks. Plaintiff preserves all rights to appeal the Court's ruling regarding the availability of Plaintiff's claimed damages. With that reservation of rights, Plaintiff does not oppose entry of judgment in light of the Court's rulings.*

*/s/ Bruce R. Bogan*
Bruce R. Bogan, Esq.
Fla. Bar No. 599565
Hilyard, Bogan, & Palmer, P.A.
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to counsel for Plaintiff, James M. Slater, Esquire, Slater Legal, PLLC, 113 South Monroe Street, Tallahassee, Florida 32301, Sam Harton, Esquire, Romanucci and Blandin, 321 North Clark Street, Chicago, Illinois 60654.

/s/ *Bruce R. Bogan*
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
Brandon T. Byers, Esquire
Fla. Bar. No. 0119492
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile:  407-841-8431
Email: bbogan@hilyardlawfirm.com
           bbyers@hilyardlawfirm.com
Attorneys for Defendants